## Kislinski *v.* Gilboy, Appellant.

*Water—Water course—Definition.*

A water course is a stream of water usually flowing in a definite channel having a bed and sides, or banks, and discharging itself into some other stream, or body of water. A mere drainage over the general surface of land is very different from the flow of a stream or brook across the premises of another. In general the channel and banks formed by the flowing of the water must present to the eye on a casual glance the unmistakable evi-

dence of the frequent action of running water; but the water need not flow continually.

Whether a natural water course or not, is a mixed question of law and fact, and where the essential facts are in dispute they must be decided by the jury under proper instructions by the court as to the law.

Argued Jan. 17, 1902. Appeal, No. 42, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1899, No. 859, on verdict for plaintiff in case of Dan Kislinski v. Thomas Gilboy, Bridget Gilboy and Borough of Oliphant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to land.

At the trial it appeared that plaintiff and defendant owned adjoining lots in the borough of Oliphant. The defendant's lot was below that of the plaintiff. It was alleged that the defendant by filling up a gulley or depression in his land backed the water up on the plaintiff's land. The defendant claimed that the gulley which also extended through the land of the plaintiff was a mere drain for surface water, and not the bed of a living stream. The evidence on the subject was conflicting. The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $48.33. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John R. Edwards*, with him *M. E. McDonald*, for appellant, cited: Holland v. Kindregan, 155 Pa. 156.

*James J. O'Malley*, with him *I. H. Burns*, for appellee, cited: Kauffman v. Griesemer, 26 Pa. 408; Martin v. Riddle, 26 Pa. 415.

OPINION BY RICE, P. J., February 14, 1902:

A commonly accepted definition of a water course is a "stream of water usually flowing in a definite channel having a bed and sides, or banks, and discharging itself into some other stream or body of water:" 28 Am. & Eng. Ency. of Law (1st ed.), 944.

Mere drainage over the general surface of land is very different from the flow of a stream or brook across the premises of another. In general the channel and banks formed by the flowing of the water must present to the eye on a casual glance, the unmistakable evidence of the frequent action of running water (Gould on Waters [2d ed.], sec. 264); but the water need not flow continually, and there are many water courses which are sometimes dry. " There is, however, a distinction to be taken in law between a regular flowing stream of water, which at certain seasons is dried up, and those occasional bursts of water, which, in times of freshet, or melting of ice and snow descend from the hills and inundate the country:" Angell on Water Courses (7th ed.), sec. 4. The question arising upon the evidence in this case was whether the locus in quo was of the former or the latter character. Whether a natural water course or not, is a mixed question of law and fact, and where the essential facts are in dispute, they must be decided by the jury under proper instructions by the court as to the law. The trial judge stated the law in plain terms, and quite as favorably to the defendant as he had a right to ask. The jury having determined the case against him, all that we are required to do is to ascertain whether there was any evidence, more than a scintilla, to sustain the plaintiff's contention as to the character of the stream which the defendant obstructed. We have carefully examined the evidence with that in view, and without reciting it or attempting to prove that the verdict was right, our conclusion is that there was sufficient evidence to warrant the submission of the question to the jury. The manner in which it was submitted is not, and could not be, complained of by the defendant.

Judgment affirmed.