### PORT v. SCHLOSS BROS. & CO.

(Circuit Court of Appeals, Third Circuit.   January 16, 1907.)

#### No. 53.

WRIT OF ERROR—PARTIES—JOINT JUDGMENT.

> Where two members of a firm were jointly sued on a firm debt and judgment was entered against both, a writ of error could not be maintained by one of them alone in the absence of summons, severance, or a sufficient showing for nonjoinder of the other.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1802, 1806, 1811.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Leslie A. Howard and F. P. Tams, for plaintiff in error.
Joseph Stadfeld, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error to the Circuit Court of the United States for the Western District of Pennsylvania. In that court Schloss and others, citizens of Maryland, brought an action of assumpsit against Clarence A. Port and W. J. Snyder, citizens of Pennsylvania, partners trading as Port & Snyder, for a merchandise account in excess of $2,000. Both defendants were served. Port appeared and defended the suit. Snyder entered no appearance, but was called as a witness. The jury was sworn against both defendants without objection by Port, and after a trial on the merits a verdict was rendered in favor of the plaintiffs for the full amount of their claim. After entry of judgment against both defendants Port alone sued out this writ of error, then for the first time raising the question that a judgment for default should have been entered against Snyder; that the jury was improperly sworn against both defendants; that the judgment against Snyder was invalid, and therefore there was error in entering judgment against him, Port.

Before passing on these questions, we are met by a motion of the defendants in error to dismiss this writ. In support thereof it is contended that, there being a joint judgment against both Port and Snyder, a writ of error will not lie unless both join in it. There has been no summons, severance, or sufficient ground for nonjoinder shown. The motion to dismiss is supported by authority. In Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. 138, 27 L. Ed. 634, it was said:

"Moses Feibelman and George Woelker, as partner, sued the defendants in error to recover damages for the seizure of their partnership goods by Packard, marshal of the United States for the district of Louisiana. A judgment was rendered against them. Their interests in the suit was joint, and the judgment affects them jointly and not separately. Feibelman alone has brought this writ of error, and there has been no summons and severance or other equivalent proceeding. It follows that the writ must be dismissed on the authority of Williams v. Bank of the United States, 11 Wheat. 414, 6 L. Ed. 508; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Simpson v. Greeley, 20 Wall. 152, 22 L. Ed. 338."

To the same effect, in addition to the case cited, are Estis v. Trabue, 128 U. S. 228, 9 Sup. Ct. 58, 32 L. Ed. 437, and Mason v. United States, 136 U. S. 582, 10 Sup. Ct. 1062, 34 L. Ed. 345.

In view of these decisions, the motion to dismiss must prevail.