HUXLEY v. PENNSYLVANIA WAREHOUSING & SAFE DEPOSIT CO.

(Circuit Court of Appeals, Third Circuit. June 1, 1909.)

No. 10.

APPEAL AND ERROR (§ 78*)—DECISIONS REVIEWABLE—FINALITY OF ORDER.

A rule made on petition of a defendant requiring the plaintiff and a third party to interplead, but which does not discharge the defendant from liability nor make any disposition of the property which the action was brought to recover, is not a final order from which a writ of error will lie.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 464; Dec. Dig. § 78.*

Finality of judgments and decrees for purposes of review, see notes to Brush Electric Co. v. Electric Imp. Co., 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. R. Co., 28 C. C. A. 482.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Joshua R. Morgan, for plaintiff in error.

Joseph H. Taulane and White, White & Taulane, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Norman S. Huxley, herein styled plaintiff, brought an action against the Pennsylvania Warehousing & Safe Deposit Company, herein styled defendant, to recover six automobiles. Thereupon the defendant presented to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that court a petition wherein it alleged it had no title to said machines; that they had been stored with it by the Dragon Automobile Company, to which it issued six certificates; that the plaintiff claimed ownership of the automobiles by virtue of ownership of these certificates; that the Dragon Automobile Company, since the storage, had gone into bankruptcy, and its receiver had notified defendant not to deliver the automobiles to the plaintiff. The petitioner offered to bring the automobiles into court or dispose of them as it might direct. It also prayed an order for plaintiff and the receiver to interplead. Thereupon the court, on June 22, 1908, granted a rule on plaintiff and the receiver "to show cause why they should not interplead as to the subject-matter of this action, and why the Pennsylvania Warehousing & Safe Deposit Company should not have leave to dispose of said six automobiles as the court shall direct." To this rule separate answers were filed by plaintiff and the receiver. The only action shown thereon by the court is the memorandum in the docket entries:

"Sept. 18, 1908. Ordered that the rule granted June 22, 1908, on Norman S. Huxley, Dragon Automobile Company, and James A. Hayes, Jr., receiver thereof in bankruptcy, to show cause why they should not interplead as to the subject-matter of this action, and why the Penna. Whg. & Safe Dep. Co. should not have leave to dispose of the said six automobiles as the court shall direct, be made absolute."

The docket entries also show that no orders were subsequently made. Thereupon the plaintiff, without joining the receiver or requesting him to join therein, sued out this writ, and as error assigned the court's action, first, "in making absolute the said rule for an interpleader," and second, "in not dismissing the said rule for an interpleader."

Passing by the question whether, when an order affecting several persons is made, a writ can be sued out by one alone in the absence of summons, severance, or a sufficient showing for nonjoinder of the other (Port v. Schloss Bros. & Co., 149 Fed. 731, 79 C. C. A. 437), we think the record in this case fails to disclose a final order to warrant a writ of error. No order has been made marshaling the parties; no direction has been entered as to the disposal of the property, though the rule to do so was made absolute; and, what is the vital point to the plaintiff, the defendant has not by order been discharged of liability. Under these circumstances, we are of opinion no writ lies. If the court does not discharge the defendant from liability, and this has not been done, the plaintiff is not aggrieved, and if the title of the receiver finally prevails, then the plaintiff was not aggrieved by the court's action. Without passing on any of these questions or expressing any view as to what order would be a final one, or at what stage of the proceeding error would lie, it suffices to say that in the present status of the case a writ of error does not lie, and the one sued out must be dismissed. This conclusion is in accord with federal and state authorities. In Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73, the court say:

"The rule is well settled and of long standing that a judgment or decree to be final, within the meaning of that term as used in the act of Congress giving this court jurisdiction on appeals and writs of error, must terminate

the litigation between the parties on the merits of the case, so that, if there should be an affirmance here, the court below would have nothing to do but to execute the judgment or decree it had already rendered. * * * It has not always been easy to decide when decrees in equity are final within this rule, and there may be some apparent conflict in the cases on that subject, but in the common-law courts the question has never been a difficult one. If the judgment is not one which disposes of the whole case on its merits, it is not final."

In addition thereto, the Pennsylvania cases—Armstrong v. Espy, 220 Pa. 48, 69 Atl. 69; Russell v. Stewart, 204 Pa. 211, 53 Atl. 771; Kenworthy v. Equitable Co., 218 Pa. 289, 67 Atl. 469; and Watkins v. Hughes, 206 Pa. 527, 56 Atl. 22—are in accord with our view that there is no basis in this record for a writ of error. and the same should be dismissed.