HUXLEY v. HAYES.

(Circuit Court of Appeals, Third Circuit. January 21, 1913.)

No. 58.

RECEIVERS (§ 104*)—PROPERTY—WRONGFUL CLAIM—DAMAGES. ·

An insolvent automobile corporation having transferred certain machines in storage to plaintiff by assigning the warehouse receipts, the insolvent's receiver notified the warehouse company that the insolvent's . estate·was the owner of the machines, and directed the warehouseman not to deliver on the receipts. Such claim was ultimately decided against the receiver; but the delay disabled plaintiff from selling the machines, as he would otherwise have done, and also caused loss to him by reason of their depreciation in value. *Held,* that the receiver, having asserted his ownership of the machines in good faith, was not liable for the damages resulting to plaintiff therefrom.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 191; Dec. Dig. § 104.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; John B. McPherson, Judge.

Action by Norman S. Huxley against James A. Hayes, Jr. Judgment for defendant (191 Fed. 943), and plaintiff brings error. Affirmed.

Rudolph M. Schick, of Philadelphia, Pa., for plaintiff in error.

A. M. Beitler, of Philadelphia, Pa., for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges.

PER CURIAM. This case arises on defendant's demurrer to the plaintiff's statement of claim. The demurrer was sustained by the court below, and the decision of the case depends upon the facts alleged in the statement of claim. These allegations are, briefly, as follows:

That on March 24, 1908, the plaintiff was the owner of six automobiles, made by the Dragon Automobile Company, together of the value of about $6,600; that these automobiles were, at the time stated, in the warehouse of the Pennsylvania Warehousing Company, in the city of Philadelphia, on storage, and the said Warehousing Company had issued to the said Dragon Automobile Company its negotiable certificates for each of said automobiles, in each of which it agreed to deliver the automobile described therein to the order of the said Automobile Company, upon payment of storage and charges, and the surrender of the certificate properly indorsed; that these six certificates were ·afterwards properly indorsed by the Automobile Company and delivered to the plaintiff, and the said certificates were owned by him and in his possession on· the said 24th day of March, 1908.

That on or about the 23d day of March, 1908, a petition in bankruptcy was filed in the District Court of the United States for the· said district, against the. Automobile Company, and on or about the same day, the defendant was duly appointed receiver of the estate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the said company, the alleged bankrupt; that afterwards the said company was duly adjudged a bankrupt, and the defendant was duly appointed trustee of its estate.; that after the appointment of defendant as receiver, as aforesaid, on or about the 24th day of March, 1908, the said defendant unlawfully and wrongfully notified the said Warehousing Company that the said automobiles, as aforesaid, stored with it, belonged to the estate of the Automobile Company, and that it should not deliver the same to the plaintiff; that afterwards, on or about the 26th day of March, 1908, the plaintiff demanded the said automobiles of the Warehousing Company, offering to pay, etc., and to surrender the warehouse certificates, but the said company, because of the said notice given it by the defendant, refused to deliver the said automobiles to the plaintiff and kept the same in its possession.

That thereafter the court below (presumably in a suit by plaintiff against the Warehousing Company—see Huxley v. Pa. Warehousing & Safe Dep. Co., 170 Fed. 587, 95 C. C. A. 667; also s. c., 184 Fed. 705, 106 C. C. A. 659) "ordered a feigned issue to be framed and filed, in which the said Automobile Company and the defendant herein, receiver of the Dragon Automobile Company, in bankruptcy, be made the plaintiff, and the said Norman S. Huxley, the plaintiff herein, be made the defendant, to determine the right of property to the six automobiles on the 22d day of May, 1908; that afterwards, * * * the said feigned issue having been framed and filed, the same came on to be tried, and a verdict thereon was rendered for the defendant therein, the said Norman S. Huxley, and judgment on said verdict was afterwards duly entered in favor of the said Norman S. Huxley," pursuant to which, the said Warehousing Company delivered the said automobiles to the said Huxley, the plaintiff in error.

Plaintiff then avers that by reason of the said refusal of the Warehousing Company to deliver the said automobiles to him, the plaintiff, he was prevented from selling them on or about the 26th day of March, 1908; that for about two months thereafter automobiles made by the Dragon Automobile Company became of much less value, and when the automobiles were, as aforesaid, delivered to the plaintiff, were of little value to him, "wherefore plaintiff avers that he has suffered injury and claims damages to the amount of six thousand dollars, which he seeks to recover in this suit."

To this statement of claim the defendant demurred, and the following causes of demurrer, among others, were assigned:

First. Because the claim sets forth no cause of action against the defendant individually, but discloses that plaintiff's action, if he has any, should have been brought against him as receiver of the Dragon Automobile Company; the only ground of liability disclosed in the statement being an alleged unlawful notice to the Warehousing Company not to deliver certain automobiles to the plaintiff, and the statement disclosing that such notice was given by the defendant solely as receiver.

Second. Because the plaintiff's statement of claim sets forth no cause of action against the defendant, as it discloses that the interpleader, which resulted in a verdict for the plaintiff herein, was di-

rected by the court to be framed between the plaintiff herein and the defendant herein, as receiver of the Dragon Automobile Company.

Fifth. The plaintiff's statement of claim is not sufficient in law to maintain the present action, since the only pretense of liability on the part of the defendant is a notice to a third party not to deliver certain goods, and such mere notice has never been held to constitute a use or abuse of legal process. It did not operate as an attachment to tie up the automobiles, or as a legal restraint upon the Warehousing Company. It is not alleged that there was any falsehood in the demand, want of probable cause, malice in the defendant, or an actual arrest of the person or seizure of property.

We have carefully examined the elaborate argument and cases cited by the learned counsel for the plaintiff in error, and agree with the learned judge of the court below, upon whose opinion its judgment is hereby affirmed. That opinion is as follows:

"The cases referred to by the plaintiff in support of his statement do not, I think, go as far as he supposes. If a trespass has been committed upon either person or property, he who procures or helps, even at a distance, may be liable equally with him who applies the injurious force. But I do not understand it to be the law that he who in good faith asserts his ownership of property that is in the custody of a bailee, or of some indifferent person, may not give notice of his claim to the bailee, except at the risk of being cast in damages if the assertion turns out afterwards to be mistaken. Nothing else appears in the present case, and in my opinion, therefore, the action cannot be sustained. The question has been decided in favor of the defendant by the Supreme Court of Pennsylvania. Norcross v. Otis, 152 Pa. 481, 25 Atl. 575, 34 Am. St. Rep. 669.

"The fifth ground of demurrer is sustained."