Lare et al., Appellants, *v.* Young et al.

Argued May 5, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Bresci R. P. Leonard,* for appellants.

*Walter W. Riehl,* with him *Dalzell, McFall & Pringle,* for appellees.

OPINION BY HIRT, J., July 16, 1943:

This action in equity was brought by plaintiffs to restrain the discharge of surface water upon their land from an adjoining lot. In the bill plaintiffs also claimed damages from defendants Mary Jane Young and husband, from whom they bought the land, for the alleged failure to complete the dwelling house on their lot as agreed.

The original plaintiffs, Marcellus R. Lare Jr., and his wife became the owners by entireties of the premises at 414 Morrison Drive in Mt. Lebanon Township in Allegheny County, by conveyance from defendants Mary Jane Young and A. N. Ab Young on April 26, 1940. The purchase price of $15,000 included the completion of a stone veneer dwelling house thereon, then in the course of construction by A. N. Ab Young, the builder. These plaintiffs bought the property with knowledge that it was part of a development subdivision and of the intention of the Youngs to improve the remaining vacant lots by the erection of dwellings. After the Lares went into possession the Youngs began the construction of a dwelling house on the lot abutting their land on the east, and after completion sold and conveyed this adjoining property to defendants Frank B. Streine and wife, in October 1941. Morrison Drive is a hillside road and the Streine lot, both before and after its improvement was higher in elevation than the

property of plaintiffs. Before any change was made in the grade of the Streine lot there was a natural flow of surface water from the rear on to the Lare lot. Gertrude K. Lare has died since this action was brought and title to the lot, on her death, vested in her husband, the remaining plaintiff. There are now six adjoining houses on Morrison Drive and each of the lots is lower in elevation than the property to the east. This land in its natural condition also sloped northwardly from Morrison Drive to the rear of the lots. In grading, material was removed from the front of the Streine lot and was used as a fill in the rear. A dry stone wall was built twelve feet from the Lare property and parallel with it to prevent erosion of the higher land, and between the wall and the Lare line a driveway was constructed with a porous base and finished with "black-top"; the construction was similar to macadam.

Plaintiff's claim is that the changes in grade from the natural contour of the Streine lot concentrated and increased the volume of normal surface water and diverted it on to his property.

The governing principles are stated in *Rielly v. Stephenson,* 222 Pa. 252, 70 A. 1097, thus: "The owners of lots in cities and towns buy and own with the manifest condition that the natural and existing surface is liable to be changed by the progress of municipal development. All such owners have equal rights neither lessened nor increased by priority of improvement, and the primary right of each owner is to protect himself and his lot from loss or inconvenience from the flow of surface water ...... The owner cannot be coerced as to time or manner of improvement by risk of having put upon him the burden of providing for the flow upon others. Some things of course he may not do. He may not proceed negligently so as to do unnecessary damage to others. But so far as he acts upon his right to protect his enjoyment of his own property, any incidental loss to his neighbor is damnum absque injuria.

It is clearly settled, however, first, that he may not obstruct a natural channel for the flow of the water or a channel that has acquired the character of an easement; and, secondly, he may not gather surface water into a body and discharge it on the adjoining land." To the same effect are *Strauss v. Allentown,* 215 Pa. 96, 63 A. 1073; *Kunkle v. Ford City Borough,* 316 Pa. 571, 175 A. 412; *Morton v. Dormont Boro.,* 334 Pa. 283, 5 A. 2d 803.

The findings of the chancellor are all in favor of defendants, among them the following: "That the defendant, A. N. AB Young, or any of the other defendants, did not materially divert or concentrate the surface waters of the Streine property and drain same from the Streine property to the plaintiff's property in the construction, improvement and in landscaping the Streine property or putting in the driveway leading into the Streine property." "That the plaintiff has suffered no damage from any surface waters drained from the property of the Streines ......"

On the phases of this case seeking equitable relief the final decree, denying the prayer of the bill, is the single error assigned. Therefore the equity rule applies and the only question before us on that branch of the case is whether the findings of fact support the order. *Spruce Hill Twp. Sch. Dist. v. Bryner,* 148 Pa. Superior Ct. 549, 25 A. 2d 745. The correctness of the findings of fact is admitted. *Atlas Portland C. Co. v. Am. Brick & Clay Co.,* 280 Pa. 449, 124 A. 650. Although in strictness appellant may not question the sufficiency of the evidence (*Cf. Smith's Estate,* 308 Pa. 265, 162 A. 214) we have examined the testimony and in it we find ample support for the findings. There is testimony on behalf of plaintiff that after heavy rains "red dog" was washed on to his land from the driveway and that his cellar was constantly wet from the seepage of water discharged upon his land. Against this contention defendants' testimony is that the application of the black top

on the driveway stopped the wash of the base material; that the finished surface of the Streine driveway is level between its north and south boundaries, and the chancellor so found. It does not slope toward the Lare lot. Moreover, photographs in evidence show running water, from a hose, flowing to the rear of the Streine lot wholly within the boundaries of the driveway. The evidence is that plaintiff's cellar walls were properly water-proofed but that in planting shrubbery he disturbed French tile drains which had been installed around the foundation to carry off the seepage of surface water. The chancellor, with permission of counsel, viewed the premises and examined the properties after a light, but an all-night rain, and found "only one spot about as big as a football on the [Lare cellar] wall that might have been called 'damp'" although there were "some dark splotches on the wall in places." He found no other evidence of damage from surface water. There is no evidence that any of the defendants acted negligently or that normal surface water was accumulated and discharged in increased volume upon plaintiff's land. The refusal of relief by injunction was proper. An injunction is never granted for the purpose of establishing a mere right, contractual or otherwise.

A second question is whether the court, having denied equitable relief, should have disposed of the issue in which plaintiff claimed damages from defects in the construction of his house. There are several answers to plaintiff's complaint on that score. In the course of the trial, his counsel said: "Our real complaint here is correction and cure, so the damages are not a substantial complaint." He proved neither a contract specifying the kind of materials or the nature of the work nor damages from the breach of any agreement. In any view, the court properly made no findings on that issue. If plaintiff was damaged, an action at law afforded an adequate and complete remedy. Having found against the plaintiff upon every averment of the

bill involving equitable relief, it was not error for the court to renounce jurisdiction of a separate and distinct issue capable of full and complete enforcement at law. *Q. P. Ahl's Appeal,* 129 Pa. 49, 18 A. 475; *Silvis v. Clous,* 1 Pa. Superior Ct. 41; *Pennsylvania Railroad System v. Pennsylvania R. Co.,* 45 S. Ct. 307, 267 U. S. 203, 69 L. Ed. 574. In general, if the facts which are relied on to sustain equity jurisdiction fail of establishment, the court may not retain the case for the purpose of administering incidental relief. 19 Am. Jur., Equity, §132.

Decree affirmed at appellant's cost.