Sweigart *v.* Burkholder et al., Appellants.

Argued November 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Chas. W. Eaby,* for appellants.

*S. V. Hosterman,* for appellee.

OPINION BY BALDRIGE, J., March 3, 1944:

The parties to this action live in the village of Farmersville, Lancaster County. The plaintiff's farm lies directly north of, and abuts on, a public highway known as the Lancaster and Hinkletown public road, running east and west. The farm of Harry Burkholder, one of the defendants, adjoins plaintiff's farm on the west and also abuts on the public road. The farm of Irvin Burkholder, the other defendant, lies in part directly north of the Harry Burkholder farm and extends 236 feet along the west side of plaintiff's premises and about 500 feet along the west side of the farm of Samuel Zimmerman, which lies directly north of plaintiff's property.

The plaintiff filed a bill in equity to enjoin the defendants from diverting the natural flow of surface water onto and over his land by the erection of artificial bar-

riers and embankments and to recover damages alleged to have been sustained in the sum of $1,908. Defendants in their answer admitted the erection of barriers and embankments, but averred that it was necessary to protect their own properties from surface water caused by the erection by the plaintiff of barriers, thus unlawfully diverting natural flow of water from the Zimmerman farm lying to the north of plaintiff's farm onto defendants' properties. After a trial was had the chancellor made findings of fact and concluded as a matter of law that the plaintiff was not entitled to recover damages occasioned by the flow of water onto his premises. A decree nisi was entered ordering the defendants to remove the barriers and embankments of which plaintiff complained, and restraining them from erecting any barriers and embankments which would divert the natural flow of surface water onto and over the properties of the plaintiff.

Exceptions were filed alleging that the court neglected to answer substantially the defendants' request for certain findings of fact and complaint was made of two statements of fact contained in the chancellor's discussion, but none of the eleven specific findings were objected to. The chancellor found therein that the course of the natural drainage was diagonally southwest across plaintiff's property from the higher land of the Zimmerman property on the north, and then onto defendants' lands; that prior to the year 1940 a ditch or gutter on the defendants' premises ran along the line of defendants' and plaintiff's premises, carrying the natural drainage to the public road upon which the plaintiff's and defendants' premises abutted.

The chancellor also found: "Tenth. By the erection of the artificial barriers and embankments the defendants have diverted the natural flow of the surface water from the Samuel Zimmerman premises onto and over the premises of the plaintiff, which natural flow of sur-

face water, in the absence of said artificial barriers and embankment, would naturally flow onto and over the premises of the defendants."

The two statements of fact of which the appellants complained were (1) that the amount of water coming over onto their premises was limited to the natural flow of surface water and (2) the natural drainage prior to the erection of barriers and embankments by defendants was carried by a ditch through their premises along the western boundary line of the plaintiff's land to the public road. We find no merit whatever to these objections. The same facts referred to in the chancellor's discussion are included in the specifically numbered findings to which no objection was made. Furthermore, there was ample evidence, although much of it was conflicting, upon which to base the chancellor's findings. It does not follow that because the chancellor failed to give credence to testimony offered by defendants it was completely ignored and given no consideration as appellants alleged. It is a well recognized rule that findings of a chancellor, if based upon competent testimony and approved by the court en banc, will be given the force and effect of a jury's verdict and are conclusive upon an appellate court: *Hagdorn et ux. v. Faust et ux.*, 348 Pa. 261, 35 A. 2d 75. Notwithstanding that some of the testimony upon the part of defendants' witnesses was not expressly contradicted, the chancellor was not bound to accept their statements as true: *Nanty-Glo Boro v. American Surety Co.*, 309 Pa. 236, 163 A. 523; *Alfrandre et ux. v. Bream*, 135 Pa. Superior Ct. 538, 542, 7 A. 2d 502.

The appellants stress the chancellor's failure to answer "substantially" many of their requests for findings. Under Equity Rule 67 the chancellor is not obliged to answer specifically each request for a finding. They may be considered as but suggestions. He has a perfect right to make his own findings of fact and to state

his conclusion of law in his own language: *Brener v. Philadelphia et al.*, 305 Pa. 182, 188, 157 A. 466; *Dyba et ux. v. Borowitz*, 136 Pa. Superior Ct. 532, 535, 7 A. 2d 500. The chancellor's eleven findings of fact were concise and comprehensive, covering adequately all the factual issues in the case.

There is little, if any, serious dispute about the substantive law involved. As was stated in *Kauffman v. Griesemer*, 26 Pa. 407, 413: "Almost the whole law of watercourses is founded on the maxim of the common law, aqua currit et debet currere. Because water is descendible by nature, the owner of a dominant or superior heritage has an easement in the servient or inferior tenement for the discharge of all waters which by nature rise in or flow or fall upon the superior."

If, in the course of the natural, proper, and non negligent use of land by an owner, an unavoidable loss is sustained by a lower owner it is damnum absque injuria, and one may not, as here, concentrate the water and by artificial means increase its flow or divert it by unnatural channels where it is not wont to flow to the detriment of another land owner: *Markel v. Grothe*, 102 Pa. Superior Ct. 90, 94, 95, 156 A. 585. See, also, *Pfeiffer v. Brown et al.*, 165 Pa. 267, 30 A. 844.

The contention of appellants that appellee did not come into equity with clean hands is based upon the allegation in their answer that he in the first instance disturbed the natural watercourse. That raised an issue of fact decided adversely to the plaintiffs. Some reference in the argument was made to the failure of the court in dismissing appellants' exceptions to the decree nisi, to add the words "the decree nisi is affirmed," in strict compliance with Equity Rule 71. That matter was not referred to in the statement of the questions involved, but was made the subject of the 15th assignment of error. In the case of *Russell v. Stewart*, 204 Pa. 211, 53 A. 771, the decree, as here, simply overruled

and dismissed exceptions. Its form was assigned as error. The court in a per curiam held that decrees in all cases ought to be formally made after the exceptions to the findings and the decree to which they were filed had been disposed of. The court there said there could be no doubt of what the court intended its final decree should be and accordingly it was affirmed.

We find nothing in this record that warrants our disturbing the action of the court below. The decree is affirmed at appellants' costs.