Beals et ux., Appellants, *v.* Robertson et ux.

Argued April 8, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles Uhl,* with him *Uhl, Ealy & Uhl* and *Leland W. Walker,* for appellants.

*Frank S. Lucente,* with him *Boose & Boose,* for appellees.

OPINION BY ARNOLD, J., July 19, 1946:

Plaintiffs filed a bill in equity to enjoin defendants from discharging mine waters which reached plaintiffs' land. The court below made findings of fact, conclusions of law and a nisi decree dismissing the bill. No exceptions were filed. The appeal assigns the final decree, dismissing the bill, as error.

Under equity rules 69 and 72 the only question before us is whether the findings of fact support the decree: *Schwartz v. Wesoky,* 281 Pa. 388, 126 A. 779; *Atlas Portland Cement Co. v. American Brick & Clay Co. et al.,* 280 Pa. 449, 452, 124 A. 650.

Plaintiffs' land is lower than defendants' land, and the two are separated by an intervening parcel. The chancellor made, inter alia, the following findings of fact:

"5. At the present time the surface water and the water from one of the mine openings upon the defend-

ants' land flows in its natural course until it reaches the Northern side of said abandoned township road where it accumulates in the ditch on the upper side thereof; thence flows Westwardly along said road for said road for a distance of about 100 feet; thence crosses the said roadway to the ditch on the Southern side thereof; thence flows Westwardly along said road for approximately the same distance until it reaches the natural water course on the Northern side of the Lowry land; and from thence it flows through said natural water course across said Lowery land onto and over the plaintiffs' property.

"6. The altitude of the defendants' land above the Lowery land and the plaintiffs' land the topography and contour of the ground form a natural water course for the drainage of the surface water and mine water on the surface of the defendants' land; and said water without being interrupted in its flow by said abandoned township road would follow said natural water course across the intervening Lowry land and onto and through the plaintiffs' land.

"7. During the years 1943 and 1944 William A. Robertson one of the defendants opened two abandoned mine openings into and through the surface of the defendants' land for the purpose of mining and removing a small area of unmined coal thereunder; and from one of said openings designated 'Big Vein pit mouth' there is a continuous flow of water onto the surface of the defendants' land. Said opening was made in a ravine which forms a natural water course for the flow of surface water upon said land."

The defendants being the owners of the upper land, have the right to have the water flowing from their land discharged in a natural water course upon the lower (plaintiffs') land. While they may not make new channels, nor concentrate and increase the flow of waters by artificial means, they may increase the flow through the natural and reasonable use of their land. Being

descendible by nature, "waters flow and ought to flow" upon the servient tenement, i. e., the lower land: *Taylor v. Canton Township,* 30 Pa. Superior Ct. 305; *Markle et al. v. Grothe,* 102 Pa. Superior Ct. 90, 156 A. 585; *Sweigart v. Burkholder et al.,* 154 Pa. Superior Ct. 424, 36 A. 2d 181; *Kauffman v. Griesemer,* 26 Pa. 407; *Lehigh & Wilkes-Barre Coal Co. v. Pittston Coal Mining Co.,* 289 Pa. 492, 137 A. 672.

The findings of fact clearly support the decree and the judgment is therefore affirmed.