DePietro et al., Appellants, *v.* Triano et al.

Argued March 6, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Wm. Zacharellis,* with him *Bialkowski, Bialkowski & Bialkowski,* for appellants.

*S. U. Colbassani,* with him *Horace R. Cardoni,* for appellees.

OPINION BY RHODES, P. J., July 20, 1950:

Plaintiffs brought a bill in equity against defendants to enforce an alleged implied easement permitting them to discharge surface water in a ditch which was constructed through defendants' adjoining lower land during a period of common ownership. The chancellor found that plaintiffs failed to establish any such easement, and he entered a decree nisi dismissing the bill. Plaintiffs' exceptions were overruled and the decree of dismissal was made final; plaintiffs appeal.

Most of the facts as found by the chancellor are not questioned. Prior to 1935 both adjoining properties were owned by the Bina Jordan Estate and managed by Emmett Cassidy, a real estate agent. The properties slope to the south and west; appellees' land is below and to the west of appellants' land. Appellants bought the upper or easterly portion of the Jordan Estate in November, 1941; appellees subsequently bought the lower portion in March of 1943. Prior to the time of purchase both parties occupied different parts of the double house now owned by appellants, and were tenants of the Jordan Estate. Some time between 1935 and 1941 appellants' father, a tenant of the Jordan Estate, dug a ditch or channel along the north side of the properties. This ditch, which ran through both lots at right angles to the common boundary line, collected and diverted the surface water from its former natural flow. In 1944 appellees constructed a concrete wall along the rear boundary

of their land, and included an opening therein which allowed the water to flow through the ditch. In 1945 appellees constructed another wall which shut off the flow of water through the ditch and caused it to flow down a dirt alleyway.

Appellants claimed that the ditch had been dug by their father with the consent, and at the express direction, of the common owner, Bina Loftus Jordan. Appellants excepted to the chancellor's ninth finding which reads: "This ditch was dug by the plaintiffs' father without any specific direction or authority from the then owner of the fee or Mr. Cassidy, the agent of the owner, although the latter undoubtedly had knowledge of its existence after it came into existence and before the land was sold." The chancellor concluded that appellants failed to establish an easement by implication to discharge surface water through this ditch, especially as they had not shown authorization by the common owner at the time the ditch was built. The decree will be affirmed.

An upper landowner has a right to discharge water on lower lands only in natural ways and natural quantities; he cannot alter the course or volume of the water by artificial means. *Pfeiffer v. Brown,* 165 Pa. 267, 30 A. 844; *Lare v. Young,* 153 Pa. Superior Ct. 28, 33 A. 2d 662; *Beals v. Robertson,* 159 Pa. Superior Ct. 325, 48 A. 2d 56, affirmed 356 Pa. 348, 52 A. 2d 316. Having admittedly interfered with the natural flow, appellants rely upon an easement to give them the right to discharge water upon appellees' land.

The burden is on the party asserting the claim of an easement by implication to establish it by clear proof. *Stein v. Bell Telephone Co.,* 301 Pa. 107, 112, 151 A. 690; 17 Am. Jur., Easements, p. 948, §34. To establish an easement by implication on the severance of the unity of ownership in an estate there must be (1) a separation of

the title, (2) such continuous and obvious user before the separation as to show an intention to make the alleged easement permanent, (3) the easement must be necessary to the beneficial enjoyment of the land granted or retained; and (4) the servitude should be continuous and self-acting. *Becker v. Rittenhouse*, 297 Pa. 317, 325, 147 A. 51. For an easement to arise by implication of law, an apparently permanent and obvious servitude, which is reasonably necessary to the enjoyment of the dominant estate, must be imposed by the common owner prior to severance of the title. *Heffley v. Lohr*, 149 Pa. Superior Ct. 586, 27 A. 2d 275; *Vanderwerff v. Consumers Gas Co.*, 166 Pa. Superior Ct. 358, 71 A. 2d 809.

There is ample evidence to support the chancellor's ninth finding of fact that the ditch was dug by a tenant of the common owner, without the consent or authorization of the owner or the owner's agent. The agent in charge of the properties testified he never gave the tenant permission to change the natural course of the water, or to build the ditch in question. The acts of a tenant of the common owner, performed without the owner's authority, could not give rise to an easement by implication. The only person who may grant a permanent easement is the owner of the land in fee simple. 17 Am. Jur., Easements, p. 938, §23. The fact that the ditch was dug by a tenant without the owner's consent tends to show the user was for the convenience of the tenant only, and negatives the implication that the user was intended to be permanent. Furthermore, the ditch here was little more than a ravine. As such it could hardly have been intended to be permanent. "To create an easement by implication, the servitude must be obviously permanent in its nature": *Stein v. Bell Telephone Co.*, supra, 301 Pa. 107, 112, 151 A. 690, 692. Use of the ditch was relatively unnecessary to the dominant tenement; disposal of surface water could be accomplished by other more convenient and permanent methods. Such user was not

in the same category, so far as beneficial enjoyment is concerned, as a right of way or other user more beneficial to the dominant estate. Whether an easement by implication arises depends on the intent of the parties or common owner, and that intent is determined from the nature of the property, the surrounding circumstances and the inferences drawn from those circumstances. *Philadelphia Steel Abrasive Co. v. Louis J. Gedicke Sons,* 343 Pa. 524, 527, 23 A. 2d 490; *Baslego v. Kruleskie,* 162 Pa. Superior Ct. 174, 176, 56 A. 2d 377.

The findings are supported by the evidence and the conclusions of law were correct.

Decree is affirmed at the cost of the appellants.