Taylor (et ux., Appellants) *v.* Harrison Construction Co.

Argued April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Morris A. Mendlowitz,* for appellants.

*Gilbert J. Helwig,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY WRIGHT, J., July 21, 1955:

Thomas and Agnes Taylor brought an action in trespass against the Harrison Construction Company seeking to recover damages for an alleged invasion of their interest in the use and enjoyment of land resulting from defendant's interference with the flow of surface water. The trial resulted in a verdict for the defendant. The court en banc refused plaintiffs' motion for a new trial and directed the entry of judgment for defendant. This appeal followed.

Appellants own two adjoining sixty foot lots on an unimproved street in West Mifflin Borough, Allegheny County. These lots are located on a hillside approximately one-half mile from the bottom. The slope of the hill extends above the lots a distance of seven or eight

hundred feet. Appellee constructed a plant for the General Motors Corporation near the foot of the hill, and obtained permission to deposit dirt excavated from the plant site as fill on properties of land owners in the vicinity. One of these properties was situated immediately to the rear and downhill from appellants' lots. Appellee sought appellants' permission to deposit fill on their lots in order to level out the whole area, but appellants refused to give such permission. As a consequence, there was erected near the base of appellants' lots a bank of earth approximately 25 feet high, and it was necessary for appellee at considerable expense to install drain pipes in order to provide drainage from the higher ground. This installation was made according to a standard method of drain construction which conformed to the requirements of the Pennsylvania Department of Highways. Nevertheless, the flow of surface water is sometimes impeded in periods of heavy rainfall so that pools of water have formed on appellants' property. Appellants' testimony disclosed that their lots were formerly part of a farm, from which several plans of lots have been laid out, and that their general location was in a building area supplied with water, gas, and electricity.

The complaint averred that appellants' damages were caused by appellee's "carelessness, maliciousness, and recklessness". The trial judge submitted the issue of negligence to the jury. In addition, he affirmed appellants' single point for charge relating to liability as follows: "The jury should find a verdict for the plaintiff if it finds that the actions of the defendant were unreasonable". The trial judge also granted the request of appellants' counsel for an additional charge on wanton negligence. No further request or objection was made, and only a general exception was taken.

Appellants' first contention on this appeal is that the lower court erred "in charging the jury that the

plaintiffs were entitled to a verdict only if it found the defendant was guilty of negligence". They argue that "the charge amounted to a directed verdict in favor of the defendant. By this charge, the lower court decided, as a matter of law, that the land was located in a rural (sic) area, that plaintiffs' damages were damnum absque injuria, and that the defendant could create an attractive nuisance on the plaintiffs' land without being liable therefor". Appellants advance the further proposition that liability for interference with the flow of surface water is subject to a different rule (without stating it) in rural areas as distinguished from urban areas, wherefore the trial judge should have submitted to the jury the question whether appellants' lots were located in a rural or an urban area.

The litigants and the trial judge treated appellee as the owner of the land on which the fill was deposited, and we will dispose of the appeal on that basis. While "the whole law of water courses is founded on the maxim of the common law, aqua currit et debet currere": *Kauffman v. Griesemer*, 26 Pa. 407, it is well settled that the owner of property may shut out the flow of surface water without liability to the owner of higher land so long as he does not proceed negligently. However, he may not obstruct a natural channel for the flow of water[1], nor may he gather surface water into a body and discharge it upon the adjoining land: *Rielly v. Stephenson*, 222 Pa. 252, 70 A. 1097. And see *Strauss v. Allentown*, 215 Pa. 96, 63 A. 1073. The controlling principles have been more frequently enunciated in equity actions brought by the lower against the higher owner. See *Sweigart v. Burkholder*, 154 Pa.

---

[1] Appellants do not assert, nor does the evidence establish, that there was in the case at bar any natural channel or water course as defined by President Judge RICE in *Kislinski v. Gilboy*, 19 Pa. Superior Ct. 453. And see *Kunkle v. Ford City Borough*, 305 Pa. 416, 158 A. 159.

Superior Ct. 424, 36 A. 2d 181, *Beals v. Robertson,* 159 Pa. Superior Ct. 325, 48 A. 2d 56, affirmed 356 Pa. 348; *DePietro v. Triano,* 167 Pa. Superior Ct. 29, 74 A. 2d 710; *Chamberlain v. Ciaffoni,* 373 Pa. 430, 96 A. 2d 140; *Rau v. Wilden Acres,* 376 Pa. 493, 103 A. 2d 422; *Leiper v. Heywood-Hall Construction Co.,* 381 Pa. 317, 113 A. 2d 148. While our review of the authorities does not indicate that a distinction has actually been made as between urban and rural property, it is not necessary to determine this question since the uncontradicted evidence discloses that the community here involved was urban in character.

Appellants cite section 833 of the Restatement of Torts governing the invasion of an interest in the private use of land by interference with the flow of surface waters. This section expressly refers, inter alia, to section 822 which sets forth that, if the actor is to be held liable, the invasion must be "either (1) intentional and unreasonable; or (2) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct". Appellants can have no valid complaint concerning the charge in this respect since, as previously indicated, the trial judge instructed the jurors that they should find for appellants if the conduct of appellee was negligent or unreasonable. In any event, a plaintiff whose action for damages to real property is pleaded and tried upon one theory cannot, after an adverse verdict, ask for a new trial upon the ground that the case should have been submitted to the jury on some other theory: *Kramer v. Pittsburgh Coal Co.,* 341 Pa. 379, 19 A. 2d 362. In that case there was a belated attempt to change the theory from negligence to nuisance. And see *McCormick Coal Co. v. Schubert,* 379 Pa. 309, 108 A. 2d 723.

We perceive no merit in appellants' second contention that the trial judge erred ". . . in charging the jury

that it could consider the sale price of a specific property in the area in evaluating the weight to be given to the testimony of the plaintiffs' real estate expert concerning the value of plaintiffs' land". Howbeit, in reviewing the denial of a new trial after a verdict establishing the absence of liability, questions concerned with the issue of damages need not be considered: *Thomas v. Abdo,* 370 Pa. 145, 87 A. 2d 305.

Judgment affirmed.