(No. 37298.—

CLARENCE EDWARD WEAVER *et al.*, Appellants, *vs.* NATURAL GAS PIPELINE COMPANY OF AMERICA, Appellee.

*Opinion filed February 1, 1963.*

J. ROBERT MURPHY, of Aurora, (EUGENE G. GRIFFIN, and JAMES R. EDWARDS, of counsel,) for appellants.

ROSS, McGOWAN, HARDIES & O'KEEFE, of Chicago, and KENNETH L. CARNAHAN, of Sycamore, (JOSEPH M. WELLS, PHILLIP A. McKINSEY, and PATRICK A. HEFFERNAN, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This action was brought to determine whether a right-of-way agreement executed by plaintiffs' predecessors in title to a 160-acre farm gives the Natural Gas Pipeline Company the right to replace a 4-inch gas pipeline constructed across the farm with a 10-inch line. The circuit court of DeKalb County held that the agreement gave defendant that right and denied plaintiffs' prayer for injunctive relief. Plaintiffs appeal directly to this court because a freehold is involved.

On December 11, 1941, plaintiffs' predecessors in title executed a right-of-way option authorizing defendant "to construct, test, reconstruct, renew, operate, maintain, inspect, alter, repair and remove a pipe line" for the underground transportation of gas through the 160-acre farm without limitation as to the size of the pipeline. The agreement further provided for the construction of a second pipeline and contained the customary provision for crop damage. The option was exercised, and in December 1941 a 4-inch gas pipeline was constructed under the land as a part of defendant's DeKalb-Sycamore sales lateral. In 1955 a 6-inch line was constructed approximately 25 feet from and

parallel to the 4-inch pipeline. During September and October of 1961, defendant removed the 4-inch sales lateral and replaced it with a 10-inch sales lateral in order to provide for the greater peak hour requirements anticipated in the DeKalb-Sycamore area.

The 10-inch line is in substantially the same location as the original 4-inch line, and there is nothing to show that the operation and maintenance of the new 10-inch line will differ from that of the old 4-inch line. In fact, the evidence shows that the new pipeline is safer than the old one because it is made of a better grade steel. The process used for replacing the 4-inch line with the 10-inch line was the same as if it had been replaced with a 4-inch line. The operation did cause crop damage and dislocation of some of the top soil, but this damage would have occurred if the line had been replaced with another 4-inch pipeline.

Plaintiffs contend that the easement does not grant to defendant the right to replace an existing pipeline with a pipeline of greater size. They assert that the only words in the grant which could give defendant such right are "reconstruct, renew and alter." These words they argue refer to a pre-existing object, namely, the 4-inch pipeline.

It is well established that where an easement is created by express grant, the extent of the right acquired depends not upon user, as in the case of easements by prescription, but upon the terms of the grant. (28 C.J.S. Easements sec. 75.) Furthermore, the practical construction placed upon the instrument by the acts of the parties is to be considered only if there is an ambiguity. See *Goodwillie Co.* v. *Commonwealth Electric Co.* 241 Ill. 42.

The grant in this case gave defendant the right to construct an underground pipeline through plaintiffs' farm for the transportation of gas. There was no limitation on the size of the pipeline to be installed, which would have been an easy matter to define if the parties had any such intention. The grant also gave defendant the right to reconstruct

and alter the pipeline at a later time. Again there is no limitation on the size. The right to reconstruct and alter refers to a pipeline and not a 4-inch pipeline. As we have pointed out the right granted does not depend on user, since this was an easement by grant, nor does defendant's act of putting a 4-inch pipeline through the farm show that the parties intended to limit the easement, since there is no ambiguity in the grant.

Plaintiffs have repeatedly alleged that the larger size pipeline will create a greater burden on the servient estate, but the record does not support their position. It is true that the activities of defendant in preparing to increase the use did destroy some of plaintiffs' corn and dislocated some top soil. Defendant points out, however, that it is prepared to pay plaintiffs the crop and other damages attributable to its reconstruction work as provided by the terms of the agreement.

In denying plaintiffs' prayer for injunctive relief, the trial court pointed out that they would be entitled to a jury trial on the question of damages growing out of defendant's act but no prayer for damages had been filed to date. Plaintiffs argue that this reference to damages shows that the trial court was confused because the only question presented to the court was whether the grant of easement gave defendant the right to remove the 4-inch line and put in a 10-inch line. We cannot agree with plaintiffs' contention. The plaintiffs had shown that corn had been destroyed and top soil displaced. The trial court was merely pointing out that they were entitled to damages under the easement agreement but not an injunction to have the 10-inch pipeline removed.

We are of the opinion that the chancellor properly held that defendant had the right to remove the 4-inch pipeline and replace it with a 10-inch pipeline. The decree of the circuit court of DeKalb County is accordingly affirmed.

*Decree affirmed.*