562 A.2d 891

Robert E. HANN and Fannie M. Hann, husband and wife, Harry Houck, Roger Houck and Harry Brant, deceased and Robert E. Hann, as executor

v.

David E. SAYLOR and Sandra P. Saylor, husband and wife and Harry E. Brant, deceased and Robert E. Hann, as executor.

Appeal of David E. SAYLOR and Sandra P. Saylor, husband and wife.

Superior Court of Pennsylvania.

Argued Feb. 2, 1989.

Filed Aug. 2, 1989.

Robert B. Stewart III, Huningdon, for appellant.

James M. Schall, McConnellsburg, for appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

250

WIEAND, Judge:

In this equity action, the trial court held that defendants' land was subject to an implied easement for right of way purposes over a strip of land twenty-five (25) feet in width and continuing for a distance of five hundred twenty (520) feet. On appeal, defendants contend that the trial court erred when it determined (1) that their land was subject to an implied easement and (2) that the portion of the right of way on their land was twenty-five (25) feet in width.

Harry Brant and his wife owned a tract of land containing approximately 166 acres in Licking Creek and Dublin Townships, Fulton County. By deed dated April 7, 1976, they conveyed to Frank Mellott and his wife, from the southeastern part of the land, a tract containing 5.979 acres. Attached to the deed and recorded therewith was an engineer's drawing showing that the northern property line bisected an intended fifty (50) foot access road leading from a township road to other lands of the grantor. By deed dated June 9, 1976, Brant and his wife conveyed to David Saylor and Sandra Saylor, husband and wife, a tract of 14.40 acres lying to the north of the Mellott tract. The Saylor deed contained no language expressly referring to a right of way along any part of the southern property line. However, the deed description provided that the property being conveyed contained "in all 14.40 acres *according to a survey by Robert W. Taylor, P.E., on May 26, 1976, as shown on the draft attached hereto.*" An engineer's drawing was attached to and recorded with the deed and depicted an intended fifty (50) feet wide right of way lying between land of the Saylors and Mellotts, half of which was on Saylors' land. The right of way extended for a distance of five hundred twenty (520) feet from the township road to other lands of the grantor. After these two conveyances had been made, the grantor continued to make intermittent use of a visible lane, generally following the depicted right of way, to get to his remaining land from the township road. In fact, however, this lane was unpaved and consisted of tracks approximately twelve (12) feet in width.

In June, 1979, Brant, now a widower, conveyed a remainder interest in the balance of his land to Robert Hann and wife, Harry Houck, and Roger Houck. In 1984, the Saylors placed stakes on their land within the area which had previously been marked on their plan as right of way. An action followed by Brant and the remaindermen to enjoin the Saylors from interfering with use of the right of way. The trial court, after hearing the evidence, found that twenty-five (25) feet of Saylors' land was subject to a right of way and enjoined the Saylors from interfering with plaintiffs' use thereof.

"It has long been held in this Commonwealth that although the language of a granting clause does not contain an express reservation of an easement in favor of the grantor, such an interest may be reserved by implication, and this is so notwithstanding that the easement is not essential for the beneficial use of the property." *Burns Manufacturing Co. v. Boehm*, 467 Pa. 307, 313–314, 356 A.2d 763, 767 (1976). See generally: 12A P.L.E. Easements §§ 31, 32. "[W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be." *Tosh v. Witts*, 381 Pa. 255, 258, 113 A.2d 226, 228 (1955). This is so irrespective of whether or not the easement constitutes a necessary right of way. *Id.; Burns Manufacturing Co., Inc. v. Boehm, supra*, 467 Pa. at 314, 356 A.2d at 767.[1] See also: *Lauderbach–Zerby Co. v. Lewis*, 283 Pa. 250, 254–255, 129 A. 83, 84 (1925). An easement by implication may be acquired where the intent of the parties is clearly demonstrated "by the terms of the

---

1. Some Pennsylvania cases have listed "necessity" as an element needed to create an implied easement. See, e.g.: *DePietro v. Triano*, 167 Pa.Super. 29, 74 A.2d 710 (1950). However, the term necessity used in this context was intended to mean only that the easement was convenient or beneficial to the dominant estate. See: *Heffley v. Lohr*, 149 Pa.Super. 586, 27 A.2d 275 (1942). Of course, where some degree of necessity does exist, though it falls short of absolute necessity, the necessity is a circumstance that weighs in favor of finding that the parties intended an easement. See: *Thomas v. Deliere*, infra; 12A P.L.E. Easements § 31.

grant, the surroundings of the property and other res gestae of the transaction." *Tomlinson v. Jones,* 384 Pa.Super. 176, 179, 557 A.2d 1103, 1104 (1989), quoting *Thomas v. Deliere,* 241 Pa.Super. 1, 4, 359 A.2d 398, 399 (1976). See also: *Philadelphia Steel Abrasive Co. v. Louis J. Gedicke Sons,* 343 Pa. 524, 527, 23 A.2d 490, 492 (1942).

■ In the instant case, it seems clear that when the Saylors took title to their tract it was subject to an open, visible, permanent and continuous right of way which had been used by their grantor to get from the township road to another part of his land. Therefore, the trial court properly determined that the Saylors' land was subject to an implied easement.

The width of the easement remains to be determined. The right of way which was visible on the ground when the Saylors took title was twelve (12) feet in total width, of which only six (6) feet were on the Saylors' land. The trial court, without stating any reason for so doing, held that the Saylors' land was nevertheless subject to an easement to a width of twenty-five (25) feet. After conducting our own research, we conclude that the trial court was correct.

■ The rule for determining the extent of an easement varies depending upon how the easement arose. In the case of an express grant or reservation, the extent of the right depends upon the terms of the instrument conveying the interest, as interpreted by applying general principles of contract law. See: *Sigal v. Manufacturers Light & Heat Co.,* 450 Pa. 228, 299 A.2d 646 (1973). See also: *Bito Bucks in Potter, Inc. v. National Fuel Gas Supply Corp.,* 303 Pa.Super. 208, 449 A.2d 652 (1982). Where an easement is acquired by prescription, the extent of the right is determined by the extent of the prior user. See: *Bodman v. Bodman,* 456 Pa. 412, 321 A.2d 910 (1974); *Pittsburgh & Lake Erie R.R. v. Stowe Twp.,* 374 Pa. 54, 96 A.2d 892 (1953); *Smith v. Fulkroad,* 305 Pa.Super 459, 451 A.2d 738 (1982).

■ The rule is less clear when the easement is one which arises by implication. See: comment e, Restatement of

Property § 483. See also: 28 C.J.S. Easements § 77(3). Some of the factors which may be considered in determining the scope of an implied easement include: the circumstances under which the conveyance was made; whether or not the conveyance was gratuitous, and the use made of the servient tenement before and after the conveyance. Restatement of Property § 483.

In the instant case, when the Saylors' grantor conveyed to them a portion of his lands, the Saylors had knowledge that the tract being conveyed was subject to a right of way in favor of their grantor, for it was apparent on the ground. More importantly, attached to their deed was an engineer's drawing containing a fifty feet wide right of way, half of which was on the tract being conveyed to them. This was clear evidence that their grantor had arranged his land so as to provide a fifty feet wide access road from the township road, half of which lay on the tract being conveyed, to lands lying on the other side of the tract conveyed.

We reject appellant's argument that the width of the implied easement should be limited, as one arising by prescription, to prior use. Because the survey attached and expressly referred to in appellants' deed specifically showed the right of way to be fifty feet wide, with half of it on the Saylors' land, this case is more analogous to those involving deeds which refer to maps and plots. In those cases we have held that the road surfaces are as depicted in the referenced map or plot. See, e.g.: *Potis v. Coon*, 344 Pa.Super. 443, 496 A.2d 1188 (1985).

The implied easement in this case was half of a fifty feet wide right of way appurtenant to the grantor's remaining land. It passed to his subsequent grantees when he conveyed the remainder interest in his land even though the deed did not expressly refer to the right of way. Therefore, the trial court was correct when it enjoined appellants from obstructing the twenty-five (25) feet wide portion of the right of way which lay across their land. "The owner of the servient estate may not interfere with the free and full use of the easement granted, even though the owner of the

easement may have an alternative route." 12A P.L.E. Easements § 80 (citing cases).

■ Appellants argue that appellees' complaint failed to allege that the easement arose by implication. It is true that the averments of the complaint are general and did not specifically identify the legal principles upon which plaintiffs' claim of easement was based. It did contain averments, however, that plaintiffs enjoyed a right of way across the lands of the Saylors and the Mellotts to a total width of either fifty (50) feet or twelve (12) feet. Copies of the Hann and Saylor deeds, moreover, were attached to the complaint. This was adequate to support appellees' cause of action. If appellants required more specific information, they could have filed preliminary objections in the nature of a request for a more specific complaint or they could have proceeded to obtain such information by discovery. The complaint was not so defective as to be incapable of supporting the decree entered by the trial court.

Affirmed.[2]

---

2. In view of our decision to affirm the order enforcing the implied easement, we do not consider whether appellees could have proceeded under the Act of June 13, 1836, P.L. 551, as amended, 36 P.S. § 2731, to compel the opening of a private road across appellants' land.