**COLUMBIA GAS TRANSMISSION CORPORATION, Plaintiff,**

v.

**Robert E. BURKE and Betty Jean Burke, his wife and Randall L. Burke and Brenda D. Burke, his wife, Defendants.**

**Civ. A. No. 90-0122-C(S).**

United States District Court, N.D. West Virginia.

Dec. 19, 1990.

Alfred J. Lemley and Susan Yurko, Fairmont, W.Va., for plaintiff.

Daniel J. Post, Buckhannon, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

STAMP, District Judge.

On November 27, 1990, Plaintiff Columbia Gas Transmission ("Columbia") petitioned this Court pursuant to 49 U.S.C.App. § 1686 for a preliminary injunction restraining Defendants Robert E. Burke, Betty Jean Burke, Randall L. Burke, and Brenda D. Burke ("Burkes") from further violating the Natural Gas Pipeline Safety Act and the Right of Way agreement. Columbia also seeks attorneys fees. The Court heard oral argument on Columbia's motion on December 6, 1990, but deferred a ruling until legal memoranda could be submitted regarding a jurisdictional question raised by defendants for the first time at the hearing.

### I.

A written right-of-way executed by the Burkes' predecessors in interests granted Columbia an easement: "to operate [and] maintain [a 10″ natural gas pipeline]" approximately 36″ below certain real property now owned by the Burkes. The Right of Way did not specify the dimensions of the easement.

Columbia inspected the affected section of the gas pipeline on September 17, 1990, finding no construction or encroachment on its claimed right of way. On October 4,

1990, a Columbia representative discovered what appeared to be a concrete block foundation adjacent to Columbia's pipeline. Representatives of Columbia returned the next day and learned that a house foundation was approximately nine and one-half feet from the pipeline.

Columbia's representatives spoke with the Burkes on either the 4th or 5th of October, informing them that the construction encroached upon Columbia's right of way and should be halted. Columbia states that at an October 12, 1990 meeting, the Burkes indicated that they would halt construction and move the foundation. Twelve days later, Columbia again inspected the property and discovered that the foundation had not been moved. On November 16, 1990, Columbia's representatives returned to the Burkes' property to attempt to measure and mark the encroachment of a mobile home upon Columbia's pipeline. Columbia claims that Robert Burke and Randall Burke denied access to Columbia's representatives at that time.

Columbia asserts that the encroachment prevents the safe operation of the pipeline, jeopardizes Columbia's ability to provide natural gas to its customers, prevents Columbia from complying with applicable federal and state laws, restricts Columbia's access to its right of way, and jeopardizes the safety and well being of the building's inhabitants.

Columbia claims that the periodic maintenance work required under state and federal law necessitates the use of heavy construction equipment requiring at least 25 feet of unrestricted access on each side of the pipeline. Columbia further states that if construction of the residence is permitted to continue, gas leaking from the pipeline may encounter the residence, travel underground along the foundation structure, and then accumulate in a concentrated quantity in the garage, basement, or other similar cavity. Such an accumulation of gas could result in a severe explosion, which could demolish the residence and cause the loss of human life.

## II.

■ The first question that must be addressed in this case is whether the Court has jurisdiction to hear the action. Both parties state that the question of jurisdiction is determined under 49 U.S.C.App. § 1686, but the Burkes claim subsection (b) is determinant while Columbia counters that subsection (d) is determinant.

### A.

49 U.S.C.App. § 1686(b) states that:

No civil action may be commenced under subsection (a) of this section with respect to any alleged violation of this chapter or any order or regulation issued under this chapter—

(1) prior to the expiration of 60 days after the plaintiff has given notice of such alleged violation to the Secretary . . . and to any person who is alleged to have committed such violation.

49 U.S.C.App. § 1686(d) states that:

Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or at common law to seek enforcement of this chapter or any order or regulation under this chapter or to seek other relief.

The legislative history, related at 1976 U.S.Code Cong. & Admin.News 4673, 4683, essentially restates § 1686(d): "[n]othing in this provision would restrict any right which any person may have under any statute or common law to seek enforcement of any provision, order, or regulation or to seek any other relief."

### B.

The Burkes contend that this Court lacks jurisdiction over this action under subsection (b), since Columbia has not demonstrated that it has satisfied the provisions of that subsection. First, defendants contend that 60 days did not elapse between the time Brenda Burke received notice of the Burke family's alleged interference with Columbia's right of way and the date the action was filed. Second, defendants argue that Columbia has not demonstrated

that it has given the requisite notice to the Secretary of Transportation.

Columbia maintains that this Court has jurisdiction under subsection (d), and that the restrictions specified in subsection (b) do not apply to this case. Columbia argues that Congress, in passing the Natural Gas Act, codified as amended at 15 U.S.C. § 717 *et seq.*, occupied the field of regulating natural gas delivery systems, and that Columbia's right to seek equitable relief in this Court flows from Title 15. Under 15 U.S.C. § 717u, "[t]he District Courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity ... brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder."

### C.

After a review of the whole of the Natural Gas Act, the Court concludes that the Burkes' refusal to permit Columbia onto their property and their refusal to halt construction of their home interfere with duties imposed upon Columbia by the Act and entitle Columbia to seek equitable relief in this Court under 15 U.S.C. § 717u, thus conferring jurisdiction on this Court under 49 U.S.C.App. § 1686(d).

■ Under 49 U.S.C.App. § 1686(d), no notice requirements are specified nor should any be implied. The case now before this Court would appear to be the very situation contemplated by § 1686(d). The Burkes argue plain meaning with respect to 49 U.S.C.App. § 1686(b). The other side of that argument, however, is that § 1686(d) should also be given its plain meaning. Unless § 1686(d) is read to exempt "any right which any person (or class of persons) may have under any statute or at common law to seek enforcement of this chapter or any order or regulation under this chapter or to seek other relief" from the notice requirements under § 1686(b), this Court cannot give full effect to both provisions. As a result, this Court concludes that 49 U.S.C.App. § 1686(d) permits parties to proceed without complying with

the notice provisions in § 1686(b) when the party is proceeding under "an[other] statute or at common law."

■ The Court concludes that Columbia may proceed under 49 U.S.C.App. § 1686(d), in part from the necessary extension of 15 U.S.C. § 717f(h). Under § 717f(h), operators of a gas pipeline may apply to the district courts when they are unable to agree with owners of "the necessary right-of-way to construct, operate, and maintain a pipe line" as to compensation or "the location of ... [other] equipment necessary to the proper operation of such pipe line." It follows that district courts also have jurisdiction to determine the location of the right of way. The Court recognizes that the statute limits the authority of district courts to those cases in which the value of land subject to condemnation is claimed by the owner of the property to exceed $3,000. When the Burkes' predecessors in interest granted Columbia an easement, Columbia only paid $427.26. However, since the Burkes' foundation now rests upon Columbia's claimed right of way, it is reasonable to conclude that the owners' claimed value now exceeds $3,000.

This Court's conclusion that it has jurisdiction to proceed under 49 U.S.C.App. § 1686(d) is further bolstered by 15 U.S.C. § 717f(b). Under 15 U.S.C. § 717f(b), no natural gas company may cease service without the prior approval of the Federal Power Commission. Because of their refusal to let Columbia onto their property, and because it is reasonable to conclude from the testimony educed at the hearing that the probability of a gas shutoff to customers increases when a house is built within 9½ feet of the pipeline, it is reasonable to infer that the Burkes' actions interfere with Columbia's duty under § 717f to obtain the Commission's prior approval for any service shutoffs.

A third factor in the Court's jurisdictional decision is the requirement contained in 15 U.S.C. § 717i that Columbia file periodic reports with the Federal Power Commission containing information on the cost of maintenance and operation of the pipeline. Because of the Burkes' refusal to permit

Columbia to inspect its pipeline, Columbia potentially may be unable to comply with this provision of the law. Section 717i confers jurisdiction primarily with respect to Columbia's right to have its motion for a restraining order regarding its access to the pipeline heard in this Court.

For all of these reasons, this Court concludes that it has exclusive jurisdiction to hear and decide Columbia's motions.

### III.

Under Fed.R.Civ.P. Rule 65(d), an order granting an injunction must "set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts to be restrained." The scope of an injunction should be narrowly tailored to accomplish its necessary purposes. "Inadequacy of legal remedies and irreparable injury are the predominant bases for equitable jurisdiction to grant injunctive relief." 19 Fed. Proc. § 47:13 (1983).

### A.

In *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), the Fourth Circuit delineated the equitable factors that a district court must consider when determining whether a preliminary injunction should issue. The Fourth Circuit stated that a district court must first balance the likelihood of irreparable harm to the plaintiff without an injunction against the likelihood of harm to the defendant with an injunction. *Id.* at 195. Then, if a decided imbalance of hardship appears in the plaintiff's favor, the plaintiff need not show a likelihood of success; plaintiff need only show that grave or serious questions are presented by plaintiff's claim. *Id.* at 195–96. However, "[t]he importance of probability of success increases as the probability of irreparable injury diminishes." *Id.* at 195. If there is a strong probability of success on the merits, a "possible" irreparable injury may suffice. *Id.* at 196. The district court should also consider the public interest. *Id.* The *Blackwelder* court continued that "[t]he

two more important factors are those of probable irreparable injury to plaintiff without a decree and of likely harm to the defendant with a decree." *Id.*

### B.

■ The Court must now apply the factors as delineated by the Fourth Circuit in *Blackwelder* to the case at hand. Columbia states that it would suffer irreparable harm if the pipeline ruptured or began to leak in the area under the Burkes' land and serious and prolonged interruption of service to its customers ensued. Columbia also states that failure to maintain the fifty foot right of way would seriously threaten the safety of the Burkes and other families in the area. Columbia believes that such violation of federal law and of the rights contained in the right of way will continue into the future unless the Court issues a preliminary injunction. Columbia concludes that it has no adequate remedy at law and prays for equitable relief from the Court.

Based upon all of the evidence presented at the hearing, the Court finds that the above factors in *Blackwelder* favor Columbia's position. The potential for serious injury or loss of life clearly qualifies as an "irreparable injury," as would the cutoff of natural gas services to Columbia's other customers, particularly during the winter months. Further, as stated by Dana Debaetes at the hearing, the fact that the Burkes' property slopes upward from the pipeline to the foundation increases the risk of gas migration. Columbia's potential losses, while they cannot be calculated exactly, would, nevertheless, be sizable. The Court finds that the plaintiff has demonstrated that irreparable injury could result without the granting of an injunction.

The potential harm to the defendants should an injunction issue is minimal. While the defendants will not be able to proceed with construction of their house at its present location, only the foundation is currently complete. However, the failure to issue the injunction may also result in severe bodily harm to the defendants. The Court finds that the potential irreparable

harm to both the plaintiff and the defendants from a failure to issue an injunction substantially outweighs the potential harm to the defendants should an injunction issue.

The defendants in this case apparently do not challenge the validity of the right of way. Instead, they question its dimensions. As noted *supra* at page 1, the right of way in question was executed by the Burkes' predecessors in interest. The right of way states that "[t]he rights, privileges and terms hereby shall extend to and be binding upon the Landowner and the Company and their respective representatives, heirs, successors and assigns." The right of way, therefore, is binding upon the Burkes. The Supreme Court of Appeals of West Virginia has stated that "[a] power company ... [has] the right, under a general right-of-way easement, to enter upon the land to maintain and repair its equipment to the extent necessary to the safe and effective operation of that equipment." *Kell v. Appalachian Power Co.*, 170 W.Va. 14, 289 S.E.2d 450, 454 (1982). Columbia Gas Transmission would appear to be a power company as contemplated by *Kell.* Therefore, West Virginia law recognizes that Columbia has an easement "to the extent necessary to the safe and effective operation of that equipment." Consequently, based upon the evidence presented to the Court at the hearing and upon the relevant caselaw, the Court finds that there is a strong probability that Columbia will prevail on the merits in this case.

As noted previously, any crack or fissure in the pipeline as a result of the Burkes' continued infringement upon Columbia's right of way could result in the cutoff of natural gas services to Columbia's other customers. This cutoff, particularly during the winter months, could have serious implications. The public interest, therefore, weighs heavily in favor of granting the injunction that Columbia seeks.

The Court finds that Columbia has satisfied the legal and equitable requirements for issuance of an injunction against the Burkes. The evidence received at the hearing supports a finding that unless an injunction issues, the violation of Columbia's right of way and of federal law will continue. No adequate remedy at law is apparent to the Court. Hence, the Court concludes that a preliminary injunction is in order.

IV.

◼ The Court must next determine the dimensions of the easement. The applicable federal regulation states that: "[e]ach main must be installed with enough clearance from any other underground structure to allow proper maintenance and to protect against damage that might result from proximity to other structures." 49 CFR § 192.325(b). The right of way agreement grants Columbia an easement: "to operate, maintain, replace and finally remove said lines," but does not specify, by metes and bounds or otherwise, the width of the right of way.

"Where the width of a [right of] way is not specifically defined in the grant ..., the width is such as is reasonably convenient and necessary for the purposes for which the way was created." 25 Am. Jur.2d *Easements* § 78 (1966). In an Ohio case in which Columbia was also a party, the Ohio Court of Appeals affirmed a district court ruling that Columbia had a fifty foot right of way around an 8″ gas pipeline, *Roebuck v. Columbia Gas Transmission Corp.*, 57 Ohio App.2d 217, 386 N.E.2d 1363 (1977), the exact width declaration Columbia now seeks from this Court. The Ohio state district court based its ruling upon the parties' intent and upon a showing by Columbia that the fifty foot easement was necessary for its enjoyment of the easement.

Testimony educed on Columbia's behalf at the hearing held on this matter requires the Court to conclude that the necessary dimensions of the right of way are twenty-five feet on either side of the pipeline and that this width is reasonable. The strongest evidence of the necessary dimensions of the right of way, and the testimony upon which the Court primarily relies, is the testimony of Dana Debaetes, Columbia's operations supervisor. Mr. Debaetes testi-

fied that the equipment necessary for inspection, repair, and replacement of the pipeline requires a minimum clearance distance of twenty-five feet on either side of the pipeline. He also indicated that without the right of way on each side of the pipeline, there is an increased susceptibility to cracks that may result in severe damage and destruction to adjacent structures. Additionally, John Rader, liaison agent for Columbia Gas, indicated that the equipment used in repairing and replacing sections of the pipeline requires a twenty-five foot right of way to be operated safely and effectively. Mr. Rader also indicated that a right of way of twenty-five feet is necessary on either side of the pipeline to protect individuals from potential injury. Finally, Orval Hinzman, Superintendent of Columbia's Buckhannon field, testified that a fifty foot swath, twenty-five feet on either side of the pipeline, is cut through a wooded area near the Burkes' property. This width is indicative of the minimum right of way around a pipeline. Therefore, for all of the foregoing reasons, the Court finds that Columbia has a twenty-five foot right of way on either side of its pipeline as it passes beneath the Burkes' property.

The Supreme Court of Appeals of West Virginia has stated that "[t]he grantor-owner of the land retains the right to make any reasonable use of the land subject to the easement *so long as that use is not inconsistent with the rights of the grantee.*" *Kell v. Appalachian Power Co.*, 170 W.Va. 14, 289 S.E.2d 450, 453 (1982) (emphasis added). The Court must therefore also determine whether the use to which the Burkes intend to put their land is consistent with Columbia's rights.

Based upon the inherent dangerousness of the pipeline and the Court's finding that a twenty-five foot right of way is necessary for repairing the pipeline, the Court concludes that the use to which the Burkes wish to place their land is not consistent with Columbia's rights and must not be permitted.

## V.

The Court has jurisdiction to hear this matter under 49 U.S.C.App. § 1686(d). The only conclusion that the Court can draw from the facts is that the Burkes' structure is too close to the pipeline, not only because Columbia's ability to maintain the pipeline is restricted, *see Roebuck*, 57 Ohio App.2d at 223–24, 386 N.E.2d at 1363, but also because of the potential for destruction of property, personal injury or loss of life from any pipeline accidents. The Court believes that the granting of this injunction is not only legally correct, *see Blackwelder*, 550 F.2d at 195–96, it is necessary for the protection of the Burkes' lives and property. Columbia has satisfied the requirements for issuance of an injunction as described in *Blackwelder*. Accordingly, the Court hereby GRANTS Columbia's motion for a preliminary injunction. The Court further finds that Columbia's right of way extends twenty-five feet on each side of the pipeline as it passes under the Burkes' property. The Burkes and all other persons bound by this injunction under Fed. R.Civ.P. Rule 65(d) are hereby enjoined from violating the provisions of the Natural Gas Pipeline Act, 49 U.S.C. § 1671 *et seq.*, from interfering with Columbia's officers, agencies, employees, representatives, and contractors full use, benefit and enjoyment of the rights granted under the Right of Way agreement, and from prohibiting Columbia's representatives from entering without interference upon the Burkes' property to inspect and safely maintain and operate its pipeline in accordance with the Right of Way agreement.

Rule 65(c) of the Federal Rules of Civil Procedure states that "[n]o ... preliminary injunction shall issue except upon the giving of security by the applicant ... for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined ..." *Id.* The Court requested at the end of the December 6 hearing that each party submit suggestions as to the bond in this case. Columbia has suggested a bond in the amount of $10,000 while the Burkes stated that they could not suggest a dollar amount at this time. After reviewing the testimony as well as the parties' submissions, the Court hereby ORDERS that pur-

suant to Fed.R.Civ.P. Rule 65(c) Columbia shall post a bond in the amount of $20,000.

Each party will bear its own costs, including the payment of attorneys' fees.

It is so ORDERED.