611 A.2d 1350

**Charles L. BOWERS, Jr. and Hazel J. Bowers, his wife, Charles Bowers, Sr. and Goldie Bowers, his wife, and Ronald Bowers and Bess Bowers, his wife, Appellants,**

**v.**

**TEXAS EASTERN TRANSMISSION CORPORATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1992.

Decided June 12, 1992.

Joseph R. Govi, for appellants.

Matthew M. Strickler, for appellee.

Before COLINS, PELLEGRINI, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Charles L. Bowers, Jr. and Hazel Bowers, husband and wife, Charles Bowers, Sr. and Goldie Bowers, husband and wife and Ronald Bowers and Bess Bowers, husband and wife (the landowners), appeal an order of the Court of Common Pleas of Fayette County which granted preliminary objections filed by Texas Eastern Transmission Corporation (Texas Eastern) and dismissed the landowners' petition for the appointment of a board of view. We affirm.

In 1943, the landowners' predecessor in title conveyed to Texas Eastern's predecessor in title the following interest, described in pertinent part:

[T]he right to lay, operate, renew, alter, inspect and maintain a pipeline for the transportation of ... gas ..., Grantee selecting the route, upon, over, under and through the [landowner's total tract of land] and also the right, ... to lay, operate, renew, alter, inspect and maintain a second pipeline for like transportation, adjacent to and parallel with the first pipeline; and Grantee at any and all reasonable times shall have the right of ingress and egress to and from such pipelines....

. . . .

By acceptance hereof, Grantee agrees to bury such pipelines so that they will not interfere with the cultivation or drainage of the land, and also to pay any and all damages to stocks, crops, fences, timber and land which may be suffered from the construction, operation, renewal, alteration, inspection or maintenance of such pipelines.

(Easement agreement, 2/10/43, recorded at the Fayette County Recorder of Deeds, Deed Book Vol. 86, p. 170.) Shortly thereafter, Texas Eastern's predecessor in title constructed two pipelines, twenty-five feet apart, across approximately .3 mile of the landowners' property. During the entire relevant time period, Texas Eastern and its predecessor in title kept clear a forty foot strip to allow access to the pipelines.

In 1989, Texas Eastern obtained a certificate of convenience and necessity from the Federal Energy Regulatory Commission to replace one of the old pipelines, twenty inches in diameter, with a new thirty-six inch pipeline. To complete the project, Texas Eastern entered the landowners' property and cleared the patch of approximately 125 feet. Additionally, the grade of the land was changed somewhat. While this construction was ongoing, the landowner filed a petition for the appointment of a board of view pursuant to Section 502 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–502 (Supp.1991–92), alleging that Texas Eastern's activities constituted a de facto taking.

Texas Eastern filed preliminary objections. A hearing was held before the Court of Common Pleas of Fayette County which sustained Texas Eastern's preliminary objections and dismissed the landowners' petition. The landowners now seek our review.

In cases where the trial court sustains preliminary objections to a petition for the appointment of viewers, our scope of review is limited to deciding if an error of law was committed and determining whether all necessary factual findings are supported by substantial evidence. *Iles v. PennDOT*, 124 Pa.Commonwealth Ct. 158, 555 A.2d 312 (1989). In this case, the trial court found that the additional clearing done by Texas Eastern was necessary and reasonable for installation of the new pipeline and that the company did not intend to permanently add to the already existing easement. Furthermore, the court concluded that the law in this Commonwealth regarding easements permitted Texas Eastern to act as it did. The landowners do not challenge any of the factual findings of the court, nor would any such challenge be valid, as our review of the record indicates. Rather, the landowners' sole argument is that the court committed an error of law.

The landowners rely upon the legal principle that, where an easement is granted in general terms without specifying a definite place, the easement becomes limited by use and acquiescence. According to the landowners' argument, the easement was thus limited to the cleared forty foot swath of land which Texas Eastern and its predecessor had used for almost fifty years.[1] While this argument generally is a correct

---

1. Originally, the landowners had argued that Texas Eastern was enlarging the easement when it replaced the twenty inch pipeline with a larger thirty-six inch pipeline. At oral argument, the landowners informed the Court that they were abandoning this argument. Even had they not, the argument is meritless. In *Weaver v. National Gas Pipeline Company of America*, 27 Ill.2d 48, 188 N.E.2d 18 (1963), the Illinois Supreme Court held that a smaller pipe could be replaced with a larger one where the easement was for all practical purposes the same as the easement in the present case. We believe that case is persuasive. Furthermore, in *West Penn Power Co. v. Bruni*, 36 Pa.Commonwealth Ct. 116, 387 A.2d 1316 (1978), we reversed a common pleas court's holding that a de facto taking had occurred where the power company,

statement of law, as far as it goes, it ignores other well established principles of the law relating to easements.

In *Lease v. Doll*, 485 Pa. 615, 621, 403 A.2d 558, 562 (1979), the Supreme Court stated:

[W]hen the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, the express easement is to be construed in favor of the grantee ... and the easement may be used in any manner that is reasonable.... (Citations omitted.)

Furthermore, in *Hash v. Sofinowski*, 337 Pa.Superior Ct. 451, 454, 487 A.2d 32, 34 (1985), the Superior Court stated:

Although the extent of an easement is limited to that which has been granted, our courts have consistently permitted express easements to accommodate modern developments, so long as the use remains consistent with the purpose for which the right was originally granted. This is based upon a presumption that advances in technology are contemplated in the grant of the easement.

Earlier in this opinion, we quoted the easement which gave the servient tenant the right, *inter alia*, to "renew" and "alter" the two pipelines which ran across the dominant estate. The trial court found that additional clearing to install the new pipeline was reasonably necessary. Furthermore, it is crucial to note that the landowners are not without a remedy as the easement itself requires Texas Eastern "to pay any and all damages to stock, crops, fences, timber and land which may be suffered" [2] because of, *inter alia*, the renewal or alteration of the pipelines.

In *West Penn Power*, we recognized that the burden of proving a de facto taking when an express easement was involved was heavy. We stated that landowners in such circumstances "must demonstrate that there exist exceptional circumstances which have substantially deprived them of the

within the designated fifty foot right of way, added an additional power line carrying more volts than the original two electric lines.

2. We believe that any change in grade in the land involved is covered by the language "all damages to ... *land*." (Emphasis added.)

beneficial use and enjoyment of their property beyond those rights granted in the right of way agreement." *Id.*, 36 Pa.Commonwealth Ct. at 119, 387 A.2d at 1318. We agree with the trial court that, on the facts of this case, there was no de facto taking. Accordingly, we shall affirm the trial court's order sustaining Texas Eastern's preliminary objections to the landowners' petition.

## ORDER

NOW, June 12, 1992, the order of the Court of Common Pleas of Fayette County, dated April 22, 1991, at No. 850 of 1990, G.D., is affirmed.

COLINS, J., dissents.