**COLUMBIA GAS TRANSMISSION CORPORATION, Plaintiff,**

v.

**Alvin SAVAGE, Defendant.**

Civ. No. 90–1605.

United States District Court, M.D. Pennsylvania.

July 28, 1994.

---

ton, PA, and Harry C. Bruner, Jr., Charleston, WV, for plaintiff.

James A. Swetz, Cramer, Swetz & McManus, Stroudsburg, PA, for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This is a civil action brought pursuant to diversity of citizenship, 28 U.S.C. § 1332(a)(1). Plaintiff, Columbia Gas Transmission Corporation is a Delaware corporation. Plaintiff is engaged in the production, storage, transmission and sale of natural gas. Defendant, Alvin Savage, is a resident of East Stroudsburg, Pennsylvania.

Plaintiff filed this action on August 30, 1990, seeking an order both restraining Defendant Alvin Savage from encroaching on what Plaintiff claims is its right of way and directing the Defendant to remove all structures that encroach on Plaintiff's right of way. This action was stayed by Order of this Court on August 6, 1991, at Plaintiff's request until the United States Bankruptcy Court authorized Columbia Gas' counsel to proceed on behalf of the debtor, Columbia Gas. After receiving authorization from the Bankruptcy Court to proceed, Plaintiff filed a Motion to Reopen the case, which this Court granted on February 23, 1993.

The action is presently before the Court on the Plaintiff's Motion for Summary Judgment, with a brief in support. (Doc. No. 17 & 19). Defendant has filed a brief in opposition. (Doc. No. 22). Plaintiff has filed a reply brief. (Doc. No. 24). The matter is now ripe for review.

## BACKGROUND

On March 26, 1947, the Manufacturers Light and Heat Company acquired a right-of-way[1] to lay a 14–inch gas pipeline. Gustavaus K. Focke, owner of the property at the time, allowed Manufacturers Light and Heat Company to maintain, operate, repair and remove the pipeline. Specifically, the deed by which the right of way was granted contains the following language:

Daniel Thomas Brier, Gerard J. St. John, Schnader, Harrison, Segal & Lewis, Scran-

---

1. A right-of-way, is an easement, a property interest in land conferred upon one other than the landowner. *See Meixsell v. Ross Tp. Bd. of Supervisors,* 154 Pa.Cmwlth. 226, 623 A.2d 429 (1993).

FOR AND IN CONSIDERATION OF ONE & NO/100 DOLLARS ... AND FURTHER SUM OF THREE & NO/100 . . .

Gustavus K. Focke, widower, does hereby grant to the Manufacturers Light & Heat Company its successor and assigns, the right to lay a 14 inch pipeline, and maintain, operate, repair and remove said lines . . .

with the right of ingress, egress and regress to and from the same, the said Grantor to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Company, and said Company to pay any damages which may arise to crops and fences from the pipeline ... And it is hereby further agreed, that the said Company, its successors and assigns, may at any time lay, maintain, operate, repair and remove a second line of pipe alongside of the first line as consideration and subject to the same conditions; also may change the size of its pipes, the damages, if any, to crops and surface in making such change to be paid by the Company.

This option shall be null and void unless survey is accepted and consideration mentioned above paid or tendered to grantor three (3) years from the date hereof.

The Manufacturers Light and Heat Company merged with Columbia Gas Transmission Corporation on June 30, 1971, thereby making Plaintiff Columbia Gas the owner of the pipeline and the right of way Plaintiff's predecessor had acquired. Presently, Columbia Gas operates the pipeline as transmission line 1278 and transmits natural gas in the pipeline. Two of the lots the pipeline runs through, lots 24 and 25 are owned by Defendant Savage.

The right-of-way as depicted was also described in the deed Defendant Savage was given when he acquired the property from James C. Rinker and Wilma M. Rinker on July 22, 1986.

When defendant Savage purchased the property from James and Wilma Rinker, on July 22, 1986, the deed described the right of way as follows:

"UNDER AND SUBJECT to the right-of-way of the Manufacturers Heat & Light Company, having a width of fifty (50') feet, as shown on the forementioned plan."

(Doc. No. 19, exhibit C).

Defendant Savage was advised on June 7, 1988 by a representative of Plaintiff that Defendant was required to remove debris from the right-of-way.

On February 22, 1990, Defendant Savage built a storage shed with a concrete foundation on his property. On July 10, 1990, Plaintiff discovered the construction during a scheduled patrol inspection of the gas pipeline. Plaintiff filed this complaint on August 30, 1990, seeking an order restraining Defendant Savage from encroaching on its right-of-way and directing Defendant Savage to remove the shed from Plaintiff's right of way. The storage shed encroaches 11' feet at one point on Plaintiff's right-of-way and 4' at another point.

Plaintiff contends that the very position of Defendant's shed endangers the maintenance of Plaintiff's high pressure natural gas transmission line.

In relief, Plaintiff seeks an order enjoining Defendant Savage from encroaching on its right-of-way; directing Defendant Savage to remove any structures that encroach on the right-of-way; and awarding costs to Plaintiff for attorney's fees,

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure Rule 56(c) sets forth the test to be utilized by the district court. Summary judgment is appropriate only if there are no genuine issues of material fact and the relevant law entitles the moving party to judgment. Rule 56(c); *Carlson v. Arnot–Ogden Memorial Hosp.,* 918 F.2d 411, 413 (3rd Cir.1990). In addressing the question of the existence of a genuine issue of material fact, the Supreme Court has stated:

The plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden at trial. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial and the moving party is "entitled to summary judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

See *Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). *Celotex* also holds that in responding to a motion for summary judgment, Rule 56(e) requires that the non-moving party with the burden of proof on a dispositive issue at trial "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*, 477 U.S. at 324, 106 S.Ct. at 2553.

■ A federal court sitting in diversity applies the law of the state in which the federal court sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ In cases of express easements as we have here, the terms of the conveyance determine the rights and liabilities of the parties. *Hann v. Saylor*, 386 Pa.Super. 248, 562 A.2d 891 (1989). The express language of the agreement, unless ambiguous, controls. *See Merrill v. Manufacturers Light & Heat Co.*, 409 Pa. 68, 185 A.2d 573 (1962). A court should construe ambiguous terms in favor of the grantee. *Id.* (citing *Hammond v. Hammond*, 258 Pa. 51, 101 A. 855 (1917)).

In this case, Plaintiff's predecessor Manufacturers Light & Heat Company sought out and received an express easement across Mr. Focke's property for "the right to lay a 14 inch pipeline, and maintain, operate, repair and remove said lines ... with the right of ingress, egress and regress to and from the same, ... And it is hereby further agreed, that the said Company, its successors and assigns, may at any time lay, maintain, operate, repair and remove a second line of pipe alongside of the first line as herein provided,". (Doc. No. 19, exhibit A).

■ Although the width of the easement was not expressly defined in the original deed, Plaintiff contends the fifty (50') foot wide easement is necessary and reasonable for their permitted use. "In construing the scope of an easement, the intention of the parties must be ascertained." *Zettlemoyer v. Transcontinental Gas*, 151 Pa.Cmwlth. 393, 617 A.2d 51, 53 (1992) (citing *Lease v. Doll*, 485 Pa. 615, 403 A.2d 558 (1979)). The width of the right-of-way or easement is determined by the permitted use when no width is stipulated in the agreement. *Zettlemoyer v. Transcontinental Gas*, 617 A.2d at 53. Where the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, the easement is to be construed in favor of the grantee, and the easement may be used in any manner that is reasonable. *Zettlemoyer v. Transcontinental Gas*, 617 A.2d at 53.

Plaintiff relies on *Zettlemoyer* for the proposition the use of its easement is reasonable. In support, Plaintiff claims it needs the fifty (50') foot right-of-way because that width provides Plaintiff with the minimum clearance necessary to service the monitoring, replacing and cathodic protection of the pipeline. Furthermore, Plaintiff argues regular maintenance of the pipeline requires at least a twenty-five (25') foot distance on each side of the pipeline to move heavy construction equipment such as bulldozers, hoes, and sidebooms, as well as more specialized equipment such as a welder or stopple machines. Plaintiff also claims the construction of any structures within the fifty (50') foot easement may increase the potential risk of an explosion. Specifically, Plaintiff states in spite of regular testing and maintenance, a gas pipeline may leak, where the gas migrates upward through the previously disturbed pipeline ditch and takes the path of least resistance and vents to the atmosphere. However, when this plane has been disturbed due to construction activity within the right-of-way, different pathways may develop, and the area around this building may become a magnet for gas accumulation. Furthermore,

any redirection of leakage prevents detection by a survey crew and will only increase hazards of potential risks. (Doc. No. 19, exhibit E).

Furthermore, in *Hash v. Sofinowski*, 337 Pa.Superior Ct. 451, 487 A.2d 32 (1985), the Superior Court stated:

> "Although the extent of an easement is limited to that which has been granted, our courts have consistently permitted express easements to accommodate modern developments, so long as the use remains consistent with the purpose for which the right was originally granted. This is based upon a presumption that advances in technology are contemplated in the grant of the easement."

*Id.* at 454, 487 A.2d 32.

The evidence in the record shows a fifty (50') foot width area is necessary for the use of the right-of-way by the Plaintiff and in maintaining the safety of the area. The Plaintiff received the easement for the purpose of laying a 14' pipeline. Also included in the easement was the express agreement to operate, repair, maintain and remove the original pipeline and provide the same if a second pipeline was laid. In order for the Plaintiff to safely maintain the pipeline according to regulations, it is obvious Plaintiff would have to move heavy equipment into the area. The position of defendant's storage shed would certainly hinder Plaintiff's efforts to adequately maintain the pipeline and protect the public from an explosion. *See Columbia Gas Transmission Corp. v. Burke,* 768 F.Supp. 1167, 1172 (N.D.W.Va. 1990).

The Court notes defendant Savage had both actual and legal notice of Columbia Gas' fifty (50') foot right-of-way at the time he purchased the property as the deed conveyed to defendant Savage specifically states *"Under and Subject to the right-of-way of the Manufacturers Light & Heat Company, having a width of fifty (50') feet, as shown in the developmental plan."* Additionally, attached to defendant Savage's deed is the Final Development Plan for Franklin Hill Acres, dated April 19, 1972, filed by Frederick and Janette Focke, which depicts the pipeline with a scaled width of fifty (50') feet. Fur-

thermore, the evidence shows neither the Fockes nor anyone else in the chain of title including Defendant Savage, questioned the fifty (50') foot width of the easement as the right-of-way was referred to throughout the chain of title since 1972. Accordingly, we find there is no issue of material fact in dispute on which a reasonable jury could differ. Defendant Savage has not brought forth sufficient information to show there is a genuine issue for trial. *See Bowers v. Texas Eastern Transmission,* 148 Pa.Cmwlth. 500, 611 A.2d 1350 (1992); *West Penn Power Co. v. Bruni,* 36 Pa.Cmwlth. 116, 387 A.2d 1316 (1978). We find the need for Plaintiff to have a fifty (50') foot clearing is reasonably necessary.

### CONCLUSION

Therefore, based on the foregoing reasons, this Court will grant the Plaintiff's Motion for Summary Judgment. The Clerk of Court will be directed to close the case file.